IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| RAYMOND DAVIS, SR., | ) | |
| Plaintiff, | ) | No. 3:09-cv-00585 |
| v. | ) | Judge Nixon |
| | ) | Magistrate Judge Griffin |
| CITY OF CLARKSVILLE, | ) | JURY DEMAND |
| Defendant. | ) | |

## ORDER

On December 2, 2010, this Court granted summary judgment in favor of Defendant City of Clarksville and dismissed this action. (Doc. No. 46.) Plaintiff Raymond Davis, Sr. timely filed a Notice of Appeal. (Doc. No. 51.) Plaintiff has now filed a Motion for Leave to File Exhibits ("Motion"), in which he requests that he be allowed to supplement the record with certain exhibits to facilitate review by the Sixth Circuit. (Doc. No. 53.) Defendant filed a Response in Opposition. (Doc. No. 54.) Plaintiff has not filed a reply brief.

In his Motion, Plaintiff asserts that the current case is ready to be briefed before the Sixth Circuit but that this cannot be accomplished properly without the inclusion of certain exhibits which Plaintiff seeks to cite. (Doc. No. 53 at 1.) Plaintiff avers that the exhibits were not filed with this Court at the summary judgment stage due to a "clerical error." He does not cite any law in support of the relief he requests. (*Id.*)

Normally, the record on appeal consists of "the original papers and exhibits filed in the district court," the "transcript of proceedings, if any," and "a certified copy of the docket entries prepared by the district clerk." Fed. R. App. P. 10(a); *see also Inland Bulk Transfer Co. v.*

1

*Cummins Engine Co.*, 332 F.3d 1007, 1012 (6th Cir. 2003). However, Rule 10(e) of the Federal Rules of Appellate Procedure provides in relevant part, "If anything material to either party is either omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded." The Sixth Circuit has explained that "'the purpose of the rule is to allow the [ ] court to correct omissions from or misstatements in the record for appeal, not to introduce new evidence in the court of appeals.'" *Inland Bulk Transfer Co.*, 332 F.3d at 1012 (quoting *S & E Shipping Corp. v. Chesapeake & Ohio Ry. Co.*, 678 F.2d 636, 641 (6th Cir. 1982)). The appellate court should have before it "the record and facts considered by the District Court." *Id.* (quoting *United States v. Barrow*, 118 F.3d 482, 487 (6th Cir. 1997)); *see also Sovereign News Co. v. United States*, 690 F.2d 569, 571 (6th Cir. 1982) ("A party may not by-pass the fact-finding process of the lower court and introduce new facts in brief on appeal."). Rule 10(e) does not permit inclusion of material negligently omitted from the record. *Banks v. Jackson*, 149 F. App'x 414, 417 (6th Cir. 2005).

In *Inland Bulk Transfer Co.*, the Sixth Circuit denied an appellant's request to supplement the record under Rule 10(e) with evidence that had not been considered by the district court. 332 F.3d at 1012. Similarly, in *Molnar v. Care House*, the Sixth Circuit denied a request to supplement the record where the appellant "could have easily attached [the] documents with his motion to the district court." 359 F. App'x 623, 625 (6th Cir. 2009). The court found that the fact that the party neglected to do so did not justify supplementation under Rule 10(e). *Id.* Here, Plaintiff also seeks to supplement the record with evidence that was not presented to this Court and therefore not considered at the district court level; he does not seek to correct a misstatement or omission made by this Court as Rule 10(e) allows. It is therefore improper to supplement the appellate record with Plaintiff's proffered exhibits under Rule 10(e).

However, the Sixth Circuit has also acknowledged that courts may have an inherent equitable authority to supplement the record on appeal under circumstances where Rule 10(e) does not apply. *Inland Bulk Transfer Co.*, 332 F.3d at 1012. In the case at bar, Plaintiff has not shown any special circumstances that require this Court to exercise its equitable authority to supplement the record. Plaintiff does not provide any explanation for the "inadvertent clerical error" that caused the exhibits to be omitted from the record for the Court to evaluate. In its reply brief regarding its motion for summary judgment, Defendant pointed out that Plaintiff had not filed all of the exhibits he attempted to cite in his Response in opposition of summary judgment. (Doc. No. 29 at 3-4.) Still, Plaintiff made no attempt to supplement the record during the four months between the filing of Defendant's Reply and this Court's grant of summary judgment or at any other time prior to his appeal. Given that the Sixth Circuit has been reluctant to extend equitable relief for supplementation of the appellate record except in extreme cases, the Court does not find it proper to do so in this case.

For the foregoing reasons, Plaintiff's Motion is **DENIED**.

It is so ORDERED.

Entered this the 29th day of August, 2011.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT